UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CATHERINE DEL VALLE, on her own behalf
and on behalf of others similarly situated,

    Plaintiff,

vs.

XIXON CORPORATION, a Florida for-profit
corporation, XIXON CAFÉ, LLC, a Florida for-
profit corporation, and BEGONIA TUYA, an
individual,

    Defendants.
_____/

COLLECTIVE ACTION COMPLAINT

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff CATHERINE DEL VALLE, on her own behalf and on behalf of those similarly situated ("Plaintiff"), who was an employee of Defendants XIXON CORPORATION, a Florida for-profit corporation, XIXON CAFÉ, LLC, a Florida limited liability company, and BEGONIA TUYA, an individual (together, "Defendants"), and files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA") and 29 C.F.R. 531.35, and for a declaration of rights.

### I.    NATURE OF THE CASE

1. To the best of Plaintiff's knowledge or belief, for at least the last three years pursuant to 29 U.S.C. § 201, *et seq* (hereinafter, "the Relevant Time Period"), Defendants claimed the tip credit to pay servers, who served food and/or beverages to Defendants' customers, at an

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

hourly wage rate that was less than the minimum regular and overtime wage required under Florida law even though those employees did not retain all of their tips because they paid a portion of their tips to non-tipped employees such as managers. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during the Relevant Time Period, Defendants were not eligible to claim the tip credit and were required to pay their servers the full minimum and overtime wage required under Federal and Florida law.

2. Thus, this action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.

3. Pursuant to the FLSA, Plaintiff and the proposed collective action members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring servers to share their tips with employees who do not customarily and regularly receive tips, earned less than the applicable minimum regular and/or overtime wage for one or more weeks during the Relevant Time Period.

4. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

5. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## II.   JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims.

### III.    PARTIES

8. Plaintiff CATHERINE DEL VALLE ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Plaintiff consents to participate in this lawsuit.

9. Defendant XIXON CORPORATION is a Florida for-profit company that owns XIXON CAFÉ, LLC.

10. Defendant XIXON CAFÉ, LLC is a Florida for-profit company that owns and operates Xixon restaurant located in Miami, Miami-Dade County, Florida.

11. Defendant BEGONIA TUYA ("Tuya"), an individual and *sui juris*, was the president of XIXON CORPORATION and a manager of Xixon restaurant ("the Restaurant"). Tuya acted directly and indirectly in the interest of XIXON CORPORATION and XIXON CAFÉ, LLC. Tuya managed the Restaurant and had the power to direct employees' actions.  Tuya had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Begonia Tuya an employer pursuant to 29 USC § 203(d).

## IV. COVERAGE

12. During the all material times, Defendant XIXON CAFÉ, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. During the all material times, Defendant XIXON CORPORATION was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

15. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.   FACTUAL ALLEGATIONS

16. Defendants operate a restaurant known as Xixon, located at 2101 S.W. 22nd Street, Miami, Florida, Miami-Dade County, Florida.

17. Plaintiff was employed as a server by Defendants beginning in May, 2015, approximately, and ending in February, 2016.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

18. During the Relevant Time Period, the applicable Florida minimum wage was $8.05 per hour.

19. During the Relevant Time Period, the applicable Florida minimum overtime wage was $12.075 per overtime houir.

20. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

21. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

22. In the instant case, Plaintiff and those similarly situated were required to share their tips with non-tipped employees, specifically managers, in an illegal tip-sharing scheme in violation of the Act.

23. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Plaintiff and those similarly situated the full minimum and overtime wage for each regular and overtime hour worked.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

24. In addition, the tips taken from servers by management were kick-backs paid directly or indirectly to the employer, or to others for the employer's benefit, thereby lowering Plaintiff and class members' wages, free and clear, below that indicated on their wage statements.

25. Because of the institution and maintenance of the illegal tip-sharing scheme and tip credit violations during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiffs the applicable minimum wage under the FLSA.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff seeks certification of collective action from this court, for herself and those similarly situated, pursuant to 29 U.S.C. 216(b).

28. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq*.

29. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007), citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the plaintiffs are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC,* 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second

stage plaintiffs *may*—the ultimate decision rests largely within the district court's discretion—not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id*.

30. Plaintiff and those similarly situated, performed the same or similar jobs as one another in that they were employed as servers in Defendants' restaurant.

31. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Plaintiff and those similarly situated to share their tips with non-tipped employees.

32. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policies or practices, which resulted in the forced sharing of tips with non-tipped employees, apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring servers to share their tips with employees who do not customarily and regularly receive tips, earned less than the applicable minimum regular and/or overtime wage for one or more weeks during the Relevant Time Period.

33. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme, in which their tips were shared with non-tipped employees.

35. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the minimum wage rate for all regular hours worked and at the overtime rate of time-and-one-half for all hours worked in excess of 40 hours in a work week.

36. Thus, Defendants acted willfully by failing to pay Plaintiff and those similarly situated in accordance with the law.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

37. Plaintiff and those similarly situated reincorporate and re-allege paragraphs 1 through 36 as though set forth fully herein and further allege as follows:

38. Defendants willfully and intentionally forced Plaintiffs and those similarly situated to participate in an illegal tip-sharing scheme in which tipped employees shared their tips with non-tipped employees.

39. Defendants did not provide Plaintiffs with the requisite notice for instituting the tip credit under the FLSA.

40. By forcing Plaintiffs and those similarly situated to share tips with non-tipped employees Defendants cannot claim the tip credit and therefore owe Plaintiff and Class the full minimum wage, free and clear, for each hour worked up to forty hours in a week.

41. As a direct and proximate result of forcing Plaintiff and those similarly situated to share tips with non-tipped employees, Plaintiff and those similarly situated have been damaged for one or more weeks of work with Defendants.

8

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

WHEREFORE, Plaintiff CATHERINE DEL VALLE, on behalf of herself and those similarly situated, demands judgment in their favor and against Defendants as follows:

a) Award to Plaintiff and those similarly situated for payment of all regular hours at the full minimum wage, free and clear, due them for the hours worked by them which have not been properly compensated;

b) Award to Plaintiff and those similarly situated liquidated damages equal to the payment of all regular hours at the full minimum wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff and those similarly situated reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

42. Plaintiff and those similarly situated reincorporate and re-allege paragraphs 1 through 36 as though set forth fully herein and further allege as follows:

43. Defendants willfully and intentionally forced Plaintiffs and those similarly situated to participate in an illegal tip-sharing scheme in which tipped employees shared their tips with non-tipped employees.

44. Defendants did not provide Plaintiffs with the requisite notice for instituting the tip credit under the FLSA.

45. By forcing Plaintiffs and those similarly situated to share tips with non-tipped employees Defendants cannot claim the tip credit and therefore owe Plaintiff and Class the full overtime wage, free and clear, for each hour worked in excess of forty hours in a week.

46. As a direct and proximate result of forcing Plaintiff and those similarly situated to share tips with non-tipped employees, Plaintiff and those similarly situated have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff CATHERINE DEL VALLE, on behalf of herself and those similarly situated, demands judgment in their favor and against Defendants as follows:

   a) Award to Plaintiff and those similarly situated for payment of all overtime hours at the full overtime wage, free and clear;

   b) Award to Plaintiff and those similarly situated liquidated damages equal to the payment of all overtime hours at the full overtime wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff and those similarly situated reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## **DECLARATION OF RIGHTS**

47. Plaintiff reincorporates and re-alleges paragraphs 1 through 36 as though set forth fully herein, and further alleges as follows:

48. Plaintiff and those similarly situated and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also had jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

49. Defendants did not rely on a good faith defense in forcing Plaintiff and those similarly situated to share tips with non-tipped employees, under the FLSA.

50. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

51. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff and those similarly situated from Defendants, now and in the future.

WHEREFORE Plaintiff CATHERINE DEL VALLE demands the entry of judgment in her favor and against Defendants XIXON CORPORATION, XIXON CAFÉ, LLC, and BEGONIA TUYA, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of April, 2016.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

11

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 12, 2016**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __**s/Robert W. Brock II**__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**DEL VALLE, et al v. XIXON CORPORATION, et al**
**CASE NO.:**
**Service List**

**Robert W. Brock II, Esq.**
*Law Office of Lowell J. Kuvin*
Fla. Bar No.: 75320
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Email: robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

12

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808